**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1717-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AL WHITE,
a/k/a ALQUAN WHITE, AL-
QUAN WHITE, WOHEED
MUHAMMAD, HASSAN COOK,
ALI HAKIM, IKE MUHAMMAD,
WOHEED ROLLINS,
ALFUQUAN WHITE,

    Defendant-Appellant.

_____

Submitted April 8, 2024 – Decided April 29, 2024

Before Judges Sabatino and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 10-05-1368 and 10-05-1369.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Al White, who was convicted of murder and other offenses at a ten-day jury trial in 2011, appeals the trial court's denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

We incorporate by reference the facts detailed in our 2015 opinion affirming defendant's conviction on direct appeal. State v. White, No. A-2320-11 (App. Div. Jan. 9, 2015). Briefly stated, the State's proofs established that, after a fight broke out at an Irvington bar, defendant shot and killed a victim named Bryon Lockett and shot and wounded a second victim named Latiff McCleod. The shootings occurred outside the bar.

The key disputed issue at trial was the identity of the shooter. Defendant claimed he left the Irvington bar before the shootings and was at a different club, in Newark, during the shootings. A bouncer working at the Irvington bar named Frederick Ellis initially told police he saw defendant shoot Lockett, but he declined to confirm that at trial and his statement to police was admitted after a

Gross[1] hearing.  Ellis's brother, Antonio Jones, testified for the defense.  Jones said he initially saw defendant at the Irvington bar and later saw him at the Newark club around 1:30 a.m. "acting normal."  The jury found defendant guilty of the murder of Lockett, aggravated assault of McCleod, and multiple weapons offenses.

The trial court imposed a lengthy aggregate sentence of seventy-five years, subject to certain parole disqualifiers.  Defendant appealed his conviction, raising eight arguments through his counsel and several more points in a pro se brief.  He did not appeal his sentence.  In our January 2015 opinion, we affirmed defendant's conviction.  Ibid.  Certification was denied.  221 N.J. 567 (2015).

One of the many issues presented in defendant's ensuing PCR petition, as it was revised, is that he was denied a fair trial because his defense witness, Jones, testified before the jury in handcuffs.  This point was not raised on direct appeal.  Defendant's multi-issue petition was initially denied by the trial court in October 2017 for lack of merit and procedural deficiencies.  We substantially affirmed the denial, but remanded the matter solely with respect to the handcuffs

---

[1]  State v. Gross, 121 N.J. 1 (1990) (detailing standards for the admissibility of a prosecution witness's prior inconsistent statements).

issue and directed the trial court to give it further consideration. State v. White, No. A-4187-17 (App. Div. Jan. 31, 2020).

Relying on State v. Artwell, 177 N.J. 526, 536 (2003), defendant argues he was likely prejudiced by the jurors seeing Jones in handcuffs. He contends that the trial court should have conducted a hearing to ascertain if handcuffs were needed during Jones's testimony. He further contends his trial and appellate counsel were ineffective by not raising this handcuffs issue.[2]

The parties dispute whether, in fact, Jones was handcuffed, and if so, whether the jurors likely saw the handcuffs. Defendant submitted to the PCR judge a notarized statement from Jones, stating that he was in handcuffs during his testimony, and that at one point a sheriff's officer needed to move Jones's microphone closer to the witness stand for him. Defendant also submitted his own supplemental certification, which states that he observed Jones was handcuffed.[3]

---

[2] Defendant relatedly argued that Jones was forced to wear clothing that resembled prison garb, but that is belied by the trial transcript, in which the judge observed Jones was wearing a "very nice" white shirt and pants. We deem that clothing issue to be without merit and focus our discussion on the handcuffs issue.

[3] The trial transcript reflects that before Jones testified, the trial judge stated on the record that he was "un-cuffed." We need not resolve here whether

In his written opinion dated November 14, 2022, denying defendant's petition, the PCR judge (who was the same judge who had presided over the trial eleven years earlier), concluded that, even assuming Jones was handcuffed, it is "speculative" the jurors could have seen the handcuffs from their seats. The judge found that Jones was already in the witness box when the jurors entered the courtroom, and that Jones was ordered to keep his hands in his lap at all times. The judge was "skeptical" that the prosecutor and defense counsel could remember, more than eleven years after the trial, whether Jones testified in handcuffs visible to the jury. The judge further underscored the strength of the evidence against defendant.

In his brief on the present appeal, defendant presents the following arguments:

> POINT I
>
> AS DEFENDANT HAS SHOWN THAT HE WAS DENIED A FAIR TRIAL THE ONLY DEFENSE WITNESS WAS COMPELLED TO TESTIFY IN RESTRAINTS IN FRONT OF THE JURY, HE IS ENTITLED TO A NEW TRIAL.

the judge's statement was mistaken or mis-transcribed, given the inadequacies of defendant's arguments.

5

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO RAISE A MERITORIOUS CLAIM UNDER STATE V. ARTWELL ON DIRECT APPEAL.

POINT III

AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

Defendant amplified these arguments in his reply brief:

REPLY POINT I

AS THERE REMAINS A GENUINE DISPUTE AS TO WHETHER JONES WAS IN RESTRAINTS WHEN HE TESTIFIED AND WHETHER THE JURY COULD VIEW THOSE RESTRAINTS WHEN HE TESTIFIED, AN EVIDENTIARY HEARING IS REQUIRED.

REPLY POINT II

APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO ARGUE THAT THE TRIAL COURT'S FAILURE TO FOLLOW THE HOLDING IN ARTWELL DENIED HIM DUE PROCESS.

Having considered these arguments, we affirm the PCR judge's ruling, substantially for the cogent reasons set forth in the judge's written opinion. We add the following comments.

6

Defendant contends he was deprived of a fair trial when jurors allegedly saw Jones testify in handcuffs, and because his former counsel was ineffective by not pressing the claim. The guiding principles were expressed by the Supreme Court in Artwell. 177 N.J. at 536. The Court recognized in that case the general principle that the appearance of a defense witness in restraints can undermine the credibility of that witness's testimony. Ibid. However, the Court also recognized that trial courts may require restraint of a defense witness "when it has reason to believe [restraints are] necessary to maintain the security of the courtroom." Id. at 537 (quotation omitted).

Although no hearing was held in this case to address the need for restraints before Jones testified, the PCR judge correctly noted that Artwell did not mandate such a hearing in every case; the Court instead ruled that such a hearing "should" be performed. The PCR judge also observed that when Jones testified, he was serving a State prison sentence for weapons possession, which supports the reasonable necessity for physically restraining Jones in the courtroom.

The PCR judge also noted that defendant has not refuted that Jones's alleged handcuffs would have been out of the jurors' sight for most of his testimony. The judge found that, "at worst, the visual impression of Jones in physical restraints was infrequent." The judge reasonably expressed doubt that,

7

given the lengthy passage of time, an evidentiary hearing more than a decade after the trial would not be likely to yield definitive evidence of whether handcuffs were visible to jurors during Jones's testimony.

We also concur with the trial court that defendant failed to demonstrate sufficient actual prejudice stemming from the handcuffs issue to justify vacating his conviction. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring proof of actual prejudice to obtain relief because of the alleged ineffectiveness of trial counsel); see also State v. Allegro, 193 N.J. 352, 367 (2008) (noting Strickland's requirement that the defendant demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

As the judge noted, the weight of the State's evidence against defendant was overwhelming, as defendant "was caught on video tape shooting the victim and was identified by several witnesses as the shooter." The judge concluded that, "[c]onsidering the totality of circumstances and the strength of the State's case, the [c]ourt cannot find that, even if the jury may have at some point seen Jones' handcuffs, that this would have been a deciding factor or could have changed their verdict." We accept that assessment, coming from the same judge

who presided over the trial and observed the testimony and other evidence first-hand.

Further, we note the Supreme Court in <u>Artwell</u> did not mandate the reversal of all convictions in which a defense witness testified in restraints. <u>See</u> <u>State v. Dock</u>, 205 N.J. 237, 252 (2011) (observing that <u>Artwell</u> did not impose "an absolute bar on defense witnesses testifying in restraints").

We also agree with the judge that there was no need for an evidentiary hearing, in light of the circumstances presented. <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992).

To the extent we have not addressed them, defendant's arguments lack sufficient merit to be discussed in this written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1717-22